# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GONZALES SAMAYOA,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 00cv2118-W (AJB)<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT ADDITIONAL COUNSEL [DOC. 111]** |

On May 14, 2018, Glen Niemy, appointed habeas counsel for Petitioner, filed Petitioner's Motion to Appoint Additional Counsel, requesting that Jon M. Sands, the Federal Public Defender of the District of Arizona, be appointed as "co-counsel for the Petitioner in this federal habeas corpus proceeding." (ECF No. 111 at 5.) For the reasons discussed below, Petitioner's motion is **DENIED** [Doc. 111].

## DISCUSSION

As an initial matter, which Petitioner acknowledges, his federal habeas proceedings are long-concluded in this Court; the Court denied Petitioner's federal habeas petition in 2009. (See ECF No. 99); see also Samayoa v. Ayers, 649 F.Supp.2d 1102 (S.D.Cal. 2009). On April 4, 2011, the 9th Circuit affirmed the denial of habeas relief. Samayoa v. Ayers,

649 F.3d 919 (9th Cir. 2011). On February 21, 2012, the United States Supreme Court denied the petition for writ of certiorari. Samayoa v. Ayers, 565 U.S. 1211 (2012).

Petitioner presently states that counsel, who is a sole practitioner, has been representing him "essentially *pro bono* with the exception of a limited number of hours compensated by the California Supreme Court" since the denial of the petition for writ of certiorari by the United States Supreme Court. (Id. at 3.) He states that: "Over the last two years he ha\s [sic] worked *pro bono* in an attempt to reorganize the files and bring this case into a posture where additional investigations can be done and the appropriate successor petitioners [sic] and motions can be brought. He can no longer afford to do so on his own. In addition, Mr. Niemy has never done a clemency proceeding and needs the expertise of an agency accustomed to such a process." (Id.)

Petitioner cites a number of "general tasks" to be completed, which include: a "Full Clemency Investigation and preparation of a clemency petition," the "Preparation and filing of an *Atkins* petition," the "Investigation, preparation, and filing of a *Ford* petition (ineligibility for execution due to current insanity)," and "Further investigation of possible innocence claims." (Id. at 4.) Petitioner also lists the need for: "Further investigation into ineffectiveness of counsel claims in both the guilt and penalty phases" and notes that "this must be further investigated and organized so it can best be presented both as a clemency matter and possible successor petitions to the courts." (Id.) Finally, Petitioner lists "Re-interview of appellant's family" and "Full evaluation of petitioner's current mental state, his adjustment to prison, and his history since his incarceration over the past thirty years as it pertains to clemency." (Id.)

Petitioner does not cite any authority in support of the instant motion. Upon the Court's review of the case docket, on March 5, 2001, Attorney Glen Niemy was appointed as lead counsel and Attorney Andrea Schneider was appointed as co-counsel for the purposes of Petitioner's federal habeas petition proceeding pursuant to Civil Local Rules HC.3(d) and HC.3(h)(2), and indicated at that time that with respect to budgeting, "the Court will give due regard to the provisions codified at 21 U.S.C. § 848(q)(9)." (See ECF

No. 2 at 1, 6.) Local Rules provide for appointment of counsel for representation in federal habeas corpus proceedings. See CivLR HC.3(d). Moreover, the relevant Local Rule specifies that "[t]his rule will govern the procedures for a *first petition* for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which a petitioner seeks relief from a judgment imposing the penalty of death," and states that "[a] subsequent filing may be deemed a first petition under these rules to a particular petition if the original filing was not dismissed on the merits." CivLR HC.3(a) (emphasis added). Again, in the instant case, Petitioner's federal habeas petition was denied on the merits in 2009.

Meanwhile, 18 U.S.C. § 3599[1] provides in relevant part that: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). Another section of the statute provides that: "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(e).

In a 2009 decision, the Supreme Court held that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them

---

[1] 21 U.S.C. § 848(q) was repealed and the provisions concerning counsel for indigent capital defendants and petitioners were recodified in 18 U.S.C. § 3599. See Pub.L. 109-177, Title II, §§ 222(a), March 9, 2006, 120 Stat. 231; see also Ryan v. Gonzales, 568 U.S. 57, 61 (2013) (recognizing that 21 U.S.C. § 848(q)(4)(B) was recodified as 18 U.S.C. § 3599(a)(2).)

to compensation for that representation." Harbison v. Bell, 556 U.S. 180, 194 (2009). However, in Tennessee, the state in which the situation presented in Harbison originated, the state supreme court held that "state law does not authorize the appointment of state public defenders as clemency counsel," and "[t]hereafter, Harbison's federally appointed counsel moved to expand the scope of her representation to include state clemency proceedings." Id. at 182. In contrast, it is apparent that California provides for the appointment and compensation of counsel for state post-conviction and clemency proceedings. See e.g. Cal. Supreme Ct. Internal Operating Practices and Procedures, XV. Appointment of Attorneys in Criminal Cases (discussing appointment and compensation of "habeas corpus/executive clemency counsel" for indigent individuals in capital cases); see also Cal. Supreme Ct. Policies Regarding Cases Arising from Judgments of Death, policy 3, std. 2-1 ("The appointment of habeas corpus counsel is for the following: (i) investigation, and preparation and filing (if warranted), of a habeas corpus petition in the California Supreme Court, including any informal briefing and evidentiary hearing ordered by the court and any petition to exhaust state remedies; (ii) representation in the trial court relating to proceedings pursuant to Penal Code section 1227; and (iii) representation in executive clemency proceedings before the Governor of California.")

California's policies and procedures are of particular relevance to the instant motion because, subsequent to the Court's 2001 appointment of Attorneys Niemy and Schneider as federal habeas counsel, in 2002, the California Supreme Court separately appointed Attorney Niemy as counsel for Petitioner's state postconviction proceedings in that court, and specifically mentioned that the appointment included potential clemency proceedings. On July 24, 2002, the California Supreme Court filed a "Counsel appointment order," vacating the prior appointment of counsel and stating that: "Glen Niemy is hereby appointed attorney of record for condemned prisoner Richard Gonzales Samayoa. Counsel is appointed for purposes of all postconviction proceedings in this court, and for subsequent proceedings, including the preparation and filing of a petition for clemency with the Governor of California, as appropriate." (See Case No. S006284 at

http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited May 18, 2018.) The Court takes judicial notice of the California Supreme Court's docket for Petitioner's direct appellate proceedings in Case No. S006284. (See Fed R. Evid. 201(b)(2).)

In Harbison, the Supreme Court stated that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation." Id., 556 U.S. at 189. Here, the California Supreme Court separately appointed Mr. Niemy as counsel for Petitioner "for purposes of all postconviction proceedings" in that court, and explicitly included clemency. As such, Petitioner does not appear to qualify for the appointment of federal counsel under § 3599(a)(2). See Irick v. Bell, 636 F.3d 289, 291-92 (6th Cir. 2011) (collecting cases) (affirming district court's denial of capital prisoner's § 3599 request for counsel for state competency and post-conviction proceedings where state law provided for appointment of counsel and where the "state court has specifically authorized [petitioner's] federal habeas counsel to represent him in his state competency proceedings.") Because Petitioner's present request for additional counsel appears clearly aimed at obtaining assistance with "subsequent proceedings, including the preparation and filing of a petition for clemency," it seems appropriate to direct such application to the court that previously appointed counsel for those proceedings, in this case the California Supreme Court.

## CONCLUSION

For the reasons outlined above, Petitioner's Motion to Appoint Additional Counsel is **DENIED** [Doc. 111].

**IT IS SO ORDERED.**

Dated: May 21, 2018

_____
Hon. Thomas J. Whelan
United States District Judge