# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD SAMAYOA, | Case No.: 00cv2118-W (AJB) |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION TO ALTER, AMEND, MODIFY, RECONSIDER, AND FOR RELIEF FROM COURT'S ORDER OF MAY 21, 2018 [DOC. 114]** |
| RONALD DAVIS, Warden, | |
| Respondent. | |

On June 18, 2018, Petitioner filed a "Motion to Alter, Amend, Modify, Reconsider, and for Relief from Court's Final Order of May 21, 2018." (ECF No. 114.) In the May 21, 2018 Order, the Court denied Petitioner's Motion to Appoint Additional Counsel. (See ECF No. 112.) For the reasons discussed below, Petitioner's motion [Doc. 114] is **DENIED**.

## I. DISCUSSION

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

1

00cv2118

389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999), citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Meanwhile, Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a "final judgment, order, or proceeding" where one or more of the following is shown: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called instrinic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." See Fed.R.Civ.P. 60(b).

Petitioner states that this motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Id. at 2.) Yet, after review, it is apparent the instant motion does not articulate the standard for reconsideration under either rule, nor does Petitioner offer substantive argument with respect to how either Rule 59(e) or 60(b) is satisfied in this instance. Instead, Petitioner concedes that Harbison v. Bell, 556 U.S. 180 (2009), controls in this matter, as the Court previously concluded, and that "[t]his Court correctly pointed out that in the *Harbison* case the state of Tennessee did not provide for any funding for post-conviction habeweas [sic] type matters," but nonetheless "urges that this factual difference is [sic] should not be dispositive to this Court's decision in this matter and this Court should reconsider its Order of May 21, 2018." (Id. at 5.)

Petitioner notes that the California Supreme Court policy "limits the hours allowed to counsel for state clemency proceedings to 40-80 hours" and asserts that "[t]his is clearly completely inadequate to conduct the clemency process and does not represent the 'meaningful access' representation required by *Harbison*." (Id. at 6.) He also states that "counsel has already expended these hours just consulting with the appropriate agencies such as the Office of the Public Defender, Habeas Corpus Resource Center, and the

2

00cv2118

California Appellate Project, as well as attending many seminars and brainstorming groups concerning the clemency process." (Id. at 6-7.)

Upon review, the California Supreme Court Policies Regarding Cases Arising from Judgments of Death and Payment Guidelines for Appointed Counsel includes a benchmark stating: "Representation in executive clemency proceedings before the Governor of California: 40-80 hrs." (See Payment Guidelines for Appointed Counsel Representing Indigent Criminal Appellants in the California Supreme Court, section II.*I*.3.iii, p. 18, available at http://www.courts.ca.gov/documents/PoliciesMar2012.pdf, last visited June 29, 2018.) The policy also includes a statement immediately following that section indicating that: "These benchmarks are guidelines for the expected hours in 'typical' cases, and are neither ceilings nor floors for fees in any given case." (See id. at p. 19.)

As discussed in the prior Order, the Supreme Court has held that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." Harbison, 556 U.S. at 194. At the same time, the Harbison Court noted that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation." Id. at 189. In this case, the fact remains that the California Supreme Court appointed Mr. Niemy as counsel for clemency and state postconviction proceedings. While Petitioner states that counsel has expended the hours provided by the state court, the prior and instant motions are bereft of any indication that the California Supreme Court has either declined or refused to compensate counsel for clemency or state postconviction related activities. As previously found, Petitioner does not appear to qualify for federal counsel under section 3599(a)(2). (See ECF No. 112 at 5, citing Irick v. Bell, 636 F.3d 289, 291-92 (6th Cir. 2011).) Accordingly, Petitioner fails to show that the Court's prior order warrants relief under either Rule 50(e) or 60(b).

//
//
//

## II. ORDER & CONCLUSION

For the reasons outlined above, Petitioner's Motion to Alter, Amend, Modify, Reconsider, and for Relief from Court's Final Order of May 21, 2018 [Doc. 114] is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 3, 2018

Hon. Thomas J. Whelan
United States District Judge