UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SAMAYOA,<br><br>                    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden,<br><br>                    Respondent. | Case No.: 00cv2118-W (AJB)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PETITIONER'S MOTION TO AUTHORIZE AZ FPD TO REPRESENT PETITIONER IN STATE COURT HABEAS PROCEEDINGS RE COMPETENCY** |

Pending before the Court is Petitioner's September 23, 2022, motion to authorize the Office of the Federal Public Defender for the District of Arizona ("AZ FPD") to represent him in state court habeas proceedings to challenge his competency to be executed under *Ford v. Wainwright* (1986) 477 U.S. 399. (ECF No. 129.) On October 5, 2022, the Court issued an Order to Show Cause why the motion should not be denied without prejudice as premature and requested a brief no longer than five pages in length from Petitioner on the matter. (ECF No. 130.) On October 6, 2022, Petitioner submitted a five page brief accompanied by 128 pages of exhibits. (ECF No. 131.) Upon review of the brief and supporting exhibits, the Court **DISCHARGES** the Order to Show Cause and **GRANTS** Petitioner's motion to authorize the AZ FPD to represent him in state court habeas proceedings on the requested competency matter.

**Discussion**

In the September 23, 2022, motion to authorize the AZ FRD to represent him in state court habeas proceedings, Petitioner asserted the Court previously granted Petitioner's motion requesting the appointment of AZ FPD as co-counsel to assist with a *Ford* petition and "[f]or the Court's prior order appointing the FPD to help litigate a *Ford* claim to have its full effect, it should be extended to authorize the FPD to litigate the *Ford* claim in state court." (*Id.* at 3-4.) Petitioner noted: "Although the Court has already formally appointed the FPD as 'co-counsel for clemency proceedings,' it has not specifically authorized the FPD to appear as co-counsel in other state collateral proceedings related to Petitioner's execution, such as his anticipated *Ford* incompetency petition," and asserted because the AZ FPD developed the claim, retained the expert, and could use its budget to litigate the claim in state court, the AZ FPD is "best suited" to litigate the claim. (*Id.* at 4.)

Yet, as Petitioner appears to acknowledge, the Court previously granted co-counsel and specifically designated the AZ FPD as co-counsel for "clemency proceedings" without mention of other potential claims or issues to be litigated. (*See* ECF No. 124.) That said, the Court acknowledges Petitioner's original request for appointment of additional counsel mentioned developing a *Ford* claim, among other tasks counsel expected to be explored and pursued  (*see* ECF No. 111 at 4), and recognizes Petitioner's indication that the prospective *Ford* claim was developed during preparation for state clemency hearings. (ECF No. 129 at 2.)  The Court also appreciates 18 U.S.C. § 3599(e) provides in relevant part that "each attorney so appointed . . . shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."  Additionally, given the Court specifically authorized the AZ FPD to serve as co-counsel for clemency proceedings, the *Ford* claim was apparently developed during the course of that preparation, and AZ FPD retained the pertinent expert and developed the claim, it appears reasonable for Petitioner to request the AZ FPD to represent him on state habeas in pursuing the *Ford* claim.

///

On October 5, 2022, raising concerns about the ripeness of the motion, the Court issued an Order to Show Cause why the motion should not be denied as premature, noting:

> Of primary concern to the Court is Petitioner's failure to explain how a *Ford* claim of incompetency to be executed, whether raised in state or federal court, is currently ripe for review or could even be entertained given there is no indication an execution date has been set or execution is somehow imminent. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (explaining that Martinez-Villareal's "*Ford* claim was [previously] dismissed as premature, . . . because his execution was not imminent and therefore his competency to be executed could not be determined at that time."); *see also People v. Leonard*, 40 Cal. 4th 1370, 1430 (2007) ("But the question whether a defendant is mentally competent to be executed is not determined until the defendant's execution date has been set. (§ 3700.5.) No date has been set for defendant's execution. Thus, his claim that he cannot be executed because he is insane is rejected as premature."), citing *People v. Kelly*, 1 Cal. 4th 495, 545 fn.11 (1992). It appears to the Court that authorizing the AZ FPD to pursue a claim which may not be ripe for review does not appear an efficient use of judicial resources. Accordingly, the Court concludes it would be appropriate to provide Petitioner an opportunity to explain why this request should be considered at the present time.

(ECF No. 130 at 2.)

On October 6, 2022, Petitioner submitted a brief explaining in part that on September 29, 2022, the Governor of California signed AB 2657 which "codifies the right of death row inmates whose sentences have been affirmed on direct appeal and their counsel to seek to vacate their death sentences based upon *permanent* incompetence to be executed at any time prior to the setting of an execution date." (ECF No. 131 at 2) (emphasis in original.) Petitioner reiterates "he has been diagnosed with dementia and a neuropsychologist has determined he cannot rationally understand the reasons for his execution" and "the same neuropsychologist has determined that Petitioner's incompetence is permanent." (*Id.* at 3.) In addition to referencing three cases in which California state courts have adjudicated competency claims prior to the passage of AB 2657 (*see id.* at 4), Petitioner notes: "Now that the legislature has expressly codified a prisoner's right to bring a claim of permanent incompetence to be executed, Petitioner intends to file a state habeas petition asserting his

incompetence to be executed pursuant to AB 2657." (*Id.* at 3.) A review of these recent revisions to the California Penal Code reflect the following addition to be of particular relevance: "At any time prior to the setting of an execution date, an incarcerated person whose judgment and sentence of death has been affirmed on direct appeal may file a petition alleging the incarcerated person's permanent incompetence to be executed." Cal. Penal Code § 3701(b).

Based on the arguments presented by Petitioner and in particular the recent legislative action which has taken place since the filing of Petitioner's motion, the Court agrees the matter does not appear unripe for review and that it appears a reasonable use of judicial resources for the AZ FPD to represent Petitioner in state court habeas proceedings on the incompetency claim the AZ FPD developed during the course of their clemency preparation.

## Conclusion and Order

For the reasons discussed above, the Court **DISCHARGES** the Order to Show Cause and **GRANTS** Petitioner's motion to authorize the AZ FPD to represent him in state court habeas proceedings to challenge his competency to be executed (ECF No. 129).

**IT IS SO ORDERED.**

Dated: October 7, 2022

Hon. Thomas J. Whelan
United States District Judge